IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TISHAWANA REYNOLDS, JEAN ELIZABETH JONES and MARIE SAVAGE, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 12-2954 |
| ARIA HEALTH, | |
| Defendant. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                   **JULY 22, 2013**

Presently before the Court is Defendant, Aria Health's ("Aria"), Motion for Reconsideration of this Court's May 31, 2013 Memorandum and Order. Plaintiff, Tishawana Reynolds ("Reynolds"), did not file a response.[1] For the reasons stated below, the Motion is denied.

**I.      BACKGROUND[2]**

On August 10, 2012, Reynolds and two other Plaintiffs, Jean Elizabeth Jones ("Jones") and Marie Savage ("Savage"), filed a five-count Amended Complaint against Aria asserting numerous causes of action related to their previous employment with Aria. On January 4, 2013,

---

[1] Local Rule 7.19(c) provides that a party opposing a motion "shall serve a brief in opposition together with such answer or other response that may be appropriate, within (14) days after service of the motion and supporting brief." E.D. Pa. Local R. 7.19(c).

[2] A more complete procedural and factual history of this matter is set forth in this Court's previous Memorandum Opinion. See Reynolds v. Aria Health, No. 12-2954, 2013 WL 2392903, at *1 (E.D. Pa. May 31, 2013).

we ordered this action severed. (Doc. No. 11.) We further ordered Reynolds to file an Amended Complaint which was filed on February 6, 2013 ("Second Amended Complaint"). (Doc. Nos. 11-12.) In Counts I and II, Reynolds alleged unlawful discriminatory discharge due to race, color and ethnicity/national origin and a racially hostile work environment claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951 et seq., and 42 U.S.C. § 1981. (Second Am. Compl. ¶¶ 41-48.) In Count III, Reynolds alleged a retaliatory discharge claim based upon these three statutes. (Id. ¶¶ 49-52.) In Count IV, Reynolds asserted a discriminatory failure to hire claim pursuant to these same statutes. (Id. ¶¶ 43-46.) Lastly, in Count V, Reynolds set forth a promissory estoppel/detrimental reliance claim. (Id. ¶¶ 47-51.)

Aria filed a Motion to Dismiss on February 27, 2013. (Doc. No. 13.) Aria argued that all of Reynolds' claims are "facially deficient, fail to allege valid causes of action and should be dismissed with prejudice except for Reynolds' discriminatory discharge claim pursuant to Title VII, the PHRA and Section 1981." (Def.'s Mot. to Dismiss at 2.) Aria also asserted that Reynolds' hostile work environment, retaliation, failure to hire, and ethnicity/national origin discrimination claims should be dismissed because Reynolds failed to exhaust her administrative remedies regarding these claims. (Id. at 7.)

On May 31, 2013, we issued a Memorandum Opinion and Order granting the Motion in part and denying it in part. See Reynolds, 2013 WL 2392903 at *1. We declined to dismiss the above claims on grounds of failure to exhaust administrative remedies and for failure to sufficiently plead these causes of action. (Id.) However, we granted the Motion as to Reynolds' claim for promissory estoppel/detrimental reliance. (Id.) Aria filed the instant Motion for

Reconsideration on June 17, 2013. As noted, Reynolds did not file a response.

II. STANDARD OF REVIEW

The purpose of a Motion for Reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). This Circuit has held that the party seeking reconsideration must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Jackson v. Rohm & Haas Co., No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007).

This standard does not allow a party a "second bite at the apple." See Bhaunagar v. Surrendra Overseas Ltd., 52 F.3d 120, 123 (3d Cir. 1995). "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Kennedy Industries, Inc. v. Aparo, No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006).

Moreover, in light of the court's interest in the finality of its judgments, such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Calhoun v. Mann, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citing Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

## III. DISCUSSION

### 1. Exhaustion of Administrative Remedies

Aria first argues that this "Court erred in concluding that Reynolds could rely or 'piggyback' on the charges filed by Jones and Savage because only a member of a certified class action may use the charge of another to satisfy the requirement to exhaust administrative remedies." (Def.'s Mot. Recons. at 7.) In fact, several times in its Motion, Aria quotes the word "piggyback" pertaining to our decision regarding exhaustion of administrative remedies. We first note that the word "piggyback" was never used in our decision as Aria's Motion attempts to put words in this Court's mouth on more than one occasion. Nor, did we "rely" on the charges filed by Jones and Savage in making our decision.

Citing Ruehl v. Viacom, Inc., Aria asserts that an individual may not rely on the charge of another to satisfy the requirement to exhaust administrative remedies unless that individual is a member of a certified class action. 500 F.3d, 375, 385-388 (3d Cir. 2007). Aria states in its Motion, "[a]s the instant matter was not a certified class action (and your Honor specifically separated the claims due to their lack of factual nexus), it was error for the Court to allow Reynolds to rely on the charges of Jones and Savage to satisfy her exhaustion requirement." (Def.'s Mot. Recons. at 8.) Aria also argues that we extended the "single filing rule" beyond the narrow bounds delineated by the Third Circuit. (Id.) Under the single-filing rule, a plaintiff who did not timely file an EEOC charge can join a class action without satisfying the exhaustion and filing requirements if the plaintiff who filed the class action filed a timely EEOC charge and alleged class-based discrimination in that charge. Ferguson v. Merck & Co., Inc., No. 05-0451, 2008 WL 205224, at *13 (E.D. Pa. Jan. 23, 2008). The application of the single-filing rule is

limited to plaintiffs who did not timely file an EEOC charge but seek to join a class action. Whalen v. W.R. Grace & Co., 56 F.3d 504, 507 (3d Cir. 1995). However, our decision neither extended the single-filing rule, nor allowed Reynolds to "piggyback" on the charges of Jones and Savage, or relied on their filings.

First, regarding Reynolds' claim of discrimination based on ethnicity, we declined to dismiss this claim based on failure to exhaust administrative remedies because we found that her counsel's May 18, 2010 letter to the PHRC stated that her discrimination claims were based on ethnicity as well as race and color. We determined that this put the PHRC on notice of this claim. We did not find that this claim relied upon or "piggybacked" Jones and Savages' claims. Jones and Savages' Consolidated Charge to the PHRC on March 16, 2010, was only mentioned in our decision to indicate that Reynolds retained counsel who represented other Aria employees and brought claims of color, race, and ethnic discrimination against Aria. We never determined that Reynolds' ethnic discrimination claim "piggybacked" or relied on the Consolidated Charge. In our decision, we stated that the May 18, 2010 letter "put the PHRC, the EEOC, and Aria on notice that Reynolds' Charge of Discrimination included ethnicity as well as race." See Reynolds, 2013 WL 2392903 at 5. Accordingly, this argument has no merit.

Regarding Reynolds' racially hostile work environment claim, we did not determine that this claim "piggybacked" or relied on the Consolidated Charge. Rather, we, again, found that this charge and Reynolds' counsel's May 18, 2010 letter put the PHRC and Aria on notice that Reynolds was pursuing a hostile work environment claim. Id. In addition, we determined that Reynolds' charge of racial discrimination also gave notice that a hostile work environment claim could "reasonably be expected to grow out of" her claim that she was terminated due to racial

discrimination and for taking time off under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. See Reynolds, 2013 WL 2392903, at *3; See Schouten v. CSX Transp., Inc., 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999). Citing Barzanty v. Verizon PA, Inc., Aria also argues that Reynolds' "allegation of a single discrete act of discrimination does not put the EEOC on notice of the existence of a hostile work claim." 361 Fed. App'x 411, 415 (3d Cir. 2010); (Def.'s Mot. for Recons. at 10.) We note, however, that Reynolds actually alleges more than one act of discrimination. Reynolds claimed she was terminated due to racial discrimination and also terminated for taking extended time off under the FMLA. Accordingly, we deny the Motion for Reconsideration regarding this claim as well.

Regarding our determination not to dismiss Reynolds' claims for retaliation and discriminatory failure to hire because of failure to exhaust administrative remedies, we have carefully considered whether such claims met the exhaustion requirement and fully articulated our reasoning in our Memorandum Opinion. See Reynolds, 2013 WL 2392903, at *3-6. Even a cursory reading of our discussion of these claims clearly indicates that our finding that she met the exhaustion requirement did not rely or "piggyback" on the claims of Jones and Savage in any way. Thus, we also deny the Motion as to these claims.

### 2. Claims Sufficiently Plead

Aria asserts that "[t]his Court erred in considering facts outside of the Complaint to conclude that Plaintiff sufficiently plead a cause of action for hostile work environment and failure to hire." (Def.'s Mot. Recons. at 11.) Specifically, Aria argues that we erred in considering speculative testimony of Jones and Savage. (Id. at 12.) Once again, Aria misreads

6

our Memorandum Opinion, and apparently failed to read our entire discussion as well. We note that with regard to Jones and Savage, we stated that "it was **possible** that Jones and Savage could testify at Reynolds' trial." (emphasis added); Reynolds, 2013 WL 2392903, at *8. We certainly did not rely on speculative testimony. As stated in our Memorandum Opinion, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, "[t]his 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. We stated further that "we are of the opinion that Reynolds' factual allegations are sufficient enough to meet this standard." Reynolds, 2013 WL 2392903, at *7. Clearly, we made our decision concerning the sufficiency of the pleadings on the "factual allegations" in Reynolds' Amended Complaint. Id. at 7-11. We will not reiterate our rationale here.

Finally, we address Aria's assertion that our decision to not dismiss Reynolds' failure to hire claim "sanctions a fishing expedition." (Def.'s Mot. Recons. at 13.) Any casual reading of our decision would make it clear that while we determined that Reynolds has alleged sufficient facts to survive a motion to dismiss regarding this claim, we indicated that, at present, like Reynolds' racially hostile work environment, and retaliation claims, Reynolds' failure to hire claim would not likely survive a motion for summary judgment. Reynolds, 2013 WL 2392903, at *8-10. Obviously, the standards of law are different. Accordingly, we gave Reynolds the discovery period to which she is entitled to develop evidence to support these claims. Thus, we certainly did not "sanction a fishing expedition." If Aria decides to later file a motion for

summary judgment, we will decide such in accordance with the applicable law and in consideration of the evidence presented by Reynolds in support these claims.

As stated above, a motion for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Calhoun, 2009 WL 1321500, at *1. Here, Aria's Motion basically contains the same arguments that it set forth in its Motion to Dismiss. In our Memorandum Opinion, we carefully considered Aria's arguments and set forth in detail our reasoning in rejecting such arguments. Because we find no "need to correct a clear error of law or fact or to prevent manifest injustice," we deny the Motion for Reconsideration. Max's Seafood Café, 176 F.3d at 677.

An appropriate Order follows.